OLIVE L. BABCOCK, ADMINISTRATRIX, ETC., OF HIRAM BABCOCK, DECEASED, RESPONDENT, *v.* HORACE C. GIFFORD, APPELLANT.

*Commissioners of highways — individually liable for a failure to repair the highway.*

An action to recover damages occasioned by a failure to keep in proper repair the highways and bridges of a town will lie against one of the commissioners of highways individually, even though all the commissioners were guilty of negligence in failing to make the requisite repairs.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover the damages occasioned to the plaintiff, from a horse belonging to her as administratrix having stepped through a hole in a bridge or culvert in a highway.

*Samuel Foster*, for the appellant.

*Edgar L. Fursman*, for the respondent.

LEARNED, P. J.:

It cannot be necessary to discuss at this day the subject of the liability of commissioners of highways for neglecting to repair highways and bridges. They are liable after sufficient notice, if they have sufficient funds or are able to procure funds. (*Hoover* v.

*Barkhoof*, 44 N. Y., 113 ; *Warren* v. *Clement*, 31 S. C. [24 Hun], 472 ; Laws of 1858, chap. 103.) This statute imposes an affirmative duty to make repairs, and to present vouchers for the expense at the next town meeting. The appellant insists that the place where the injury occurred is not a bridge created over a stream intersecting a highway. Some of the witnesses speak of the place as being where flat stones were laid across a hole ; others as a culvert. It is not very material what name is given to it. It was in the highway, and whether a stream ran under the stones or whether the stones lay over a hole, through which no stream ran, the defendant was equally bound to keep the place in repair. (1 R. S., m. p. 502, § 1., sub. 4.)

The appellant further insists that the action was not maintained against the defendant individually ; that if there be any negligence it is that of the board of highway commissioners.

In *Bassett* v. *Fish* (75 N. Y., 303) it was held that an action for negligence could not be maintained against the trustees of a Union free school district individually ; because the statute made them not a *quasi* corporation, but a body corporate. On the contrary the commissioners of highways are, at the most, but a *quasi* corporation. They may then be sued individually for liabilities ; as they have been sued in cases above cited.

Then it is insisted that the action will not lie against one of them alone, for a negligence imputable to all. Certainly the general rule is where there are several wrong-doers any one may be sued. (*Creed* v. *Hartmann*, 29 N. Y., 591.) We do not see why a liability of several officers is not within this rule, even though they are, in some respects, a *quasi* corporation. They are liable personally to pay from their own individual property for their wrongful acts. Because the action is based on a personal wrong-doing. And if this be so, it seems to follow that one may be sued. The difficulty in the case of *Bassett* v. *Fish* was that the alleged wrongful act was the act of a corporation. Therefore it was necessary that the corporation should be sued. Here it is the act either of the defendant alone, or, as defendant claims, of the three commissioners. We may notice in passing that in the case last cited it is suggested on page 313 that even in the case of a corporate body, if one of that body were duly charged by them

with a special duty, the neglect therefor would make him person-
ally liable to an injured person. But it is not necessary in this
case to apply that rule.

We see no error in the case. The judgment is affirmed with costs.

Present — LEARNED, P. J., BOARDMAN AND BOOKES, JJ.:

So ordered.